J-A14021-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOON WOO'JASON BAIK | : | No. 1165 WDA 2019 |

Appeal from the Order Entered July 22, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014919-2018

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY McLAUGHLIN, J.: FILEDJANUARY 28, 2021

I respectfully disagree that the evidence was insufficient to support the verdict for sexual assault. Baik himself testified that he recorded the encounter with the victim in case there was any question of the voluntariness of the intercourse because of the victim's intoxication. That damning testimony was enough for the jury to find that Baik knew the victim could not properly consent. See 18 Pa.C.S.A. § 311(c)(2).[1] Why else would he create a record to protect himself? The jury made the obvious inference that he did so because he was well aware that she was incapable of properly consenting.

_____

[1] "Unless otherwise provided by this title or by the law defining the offense, assent does not constitute consent if: . . . it is given by a person who by reason of . . . intoxication is manifestly unable or known by the actor to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged to constitute the offense[.]" 18 Pa.C.S.A. § 311(c)(2). The court instructed the jury on this provision. See N.T., Trial, 4/30/19, at 250.

Other evidence further supports this finding. There was ample evidence to support the finding that Baik was aware of the degree of the victim's intoxication. On the recording, the victim's speech is slurred and she is obviously incoherent, including stating that she did not want to "have this baby," alternately asking Baik if he loved her and screaming that she hated him, telling him to "go away," and saying that she was "going to die." One officer testified that Baik told him at the scene that he knew that the victim was intoxicated, and police summoned an ambulance to take the victim to the hospital due in part to her level of intoxication. Another officer said that, based on the victim's appearance and the odor of alcohol emanating from her, the officer rated her degree of intoxication on the night in question as a "nine" on a 10-point scale.

Furthermore, the victim testified that she did not remember having sex with Baik and did not know that Baik had recorded the incident. N.T. at 114, 121. She also testified that on the night of the incident she had at least three drinks of whiskey with ice while at Baik's residence. Id. at 113. She described herself as being "pretty drunk" that night and not remembering anything that occurred beyond watching a movie with Baik. Id. at 114. The victim said she only learned that she had in fact had sex with Baik when she asked him the following day. Id. at 117, 118.

Taking all of this as true, as we must, and adding to it Baik's testimony that he recorded the encounter for his own protection, there was more than enough evidence to prove Baik knew that the victim's intoxication rendered

her incapable of giving proper consent. Certainly, there were many contradictions in the evidence. I believe the jury could properly attribute most of them to the victim's intoxication, as was its right as finder of fact. "It is within the province of the jury to reconcile inconsistent testimony . . . and to believe all, part or none of the evidence, assigning to it whatever weight it deems appropriate." Commonwealth v. Manchas, 633 A.2d 618, 624 (Pa.Super. 1993) (citation omitted).[2]

The majority fails to accord the jury this right. It instead looks at the victim's statements on the recording during the incident, which it describes as demonstrating her "awareness of external events," as well as her statements afterward to police that the interaction was consensual. See Majority Mem. at 11-12. It then concludes that the evidence was insufficient to prove a lack of consent. Id. at 12.

I respectfully submit that this is a violation of our standard of review. We may not re-weigh the evidence and substitute our judgment for that of the jury. Commonwealth v. Fitzpatrick, 159 A.3d 562, 567 (Pa.Super. 2017) (citation omitted). We also must view the evidence in the light most favorable to the Commonwealth, as verdict-winner. Id.

The majority acknowledges these rules, but I respectfully believe it does not abide by them. It appears to consider the victim's "awareness of external

_____

[2] See also Commonwealth v. Hall, 830 A.2d 537, 542 (Pa. 2003) ("[W]here there is conflicting testimony, it is for the jury to determine the weight to be given the testimony").

events" during the incident to be proof that she was able to consent. This is nothing more than a reweighing of the evidence. When the evidence is viewed in the Commonwealth's favor, it readily supports a finding that she was unable to consent, as explained above. As for her statements to the police after the incident, the majority appears to consider them irrefutable evidence that she, in fact, consented. The difficulty with this conclusion is that it likewise disregards the evidence supporting a finding that she was unable to consent.

Moreover, the jury could easily have concluded that the victim's telling police that the interaction was consensual was a mere repetition of her assent during the incident, and at the risk of being repetitive, the evidence supported a finding that her consent was invalid. The majority's disregard of this conclusion shows its failure to consider the evidence in the Commonwealth's favor. I respectfully dissent.